IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-30045-001 |
| | ) | |
| HANK MCMASTERS, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| BOILERMAKERS NATIONAL | ) | |
| ANNUITY/PENSION TRUST(S), | ) | |
| | ) | |
| Third Party Respondent. | ) | |

**UNITED STATES' MEMORANDUM OF LAW,**
**IN SUPPORT OF MOTION FOR TURNOVER ORDER**

**Introduction**

In the Judgment, this Court ordered an assessment of $100.00 and restitution of $76,504.08, plus interest. (Doc. 18, p. 5)  At present, the Clerk reports the balance of assessment and restitution to be $76,604.08, with an interest balance of $967.78 as of May 5, 2008.

According to the Schedule of Payments (Doc. 18, p. 6), the assessment was due immediately and the defendant was to "make an immediate lump sum payment of $48,000 toward restitution from his annuity assets," plus payment from earnings while in prison and on supervised release.

In order to collect on the annuity, the United States filed a Citation to Discover Assets, directed to Boilermakers National Annuity Trust. (Doc. 21) The response to the Citation (Gov. Ex. A, attached) stated as follows:

Regarding Mr. McMasters' Annuity Trust account, the value of Mr. McMaster's Annuity Trust account as of January 16, 2007 was $50,031.12 without his loan and $60,171.42 with his loan.

As a consequence, the United States now seeks an order for the turnover of the Annuity Trust Account.

## Discussion

The United States may use federal or state law to enforce a fine or an order of restitution. 18 U.S.C. § 3613 (a and f).  In this case, the United States is using the procedure that is set forth in state law, 735 ILCS 5/2-1402.

The state statute allows certain exemptions. 735 ILCS 5/2-1402(b).  The federal statute allows different exemptions. 18 U.S.C. § 3613(a) and (f):

[A] judgment imposing a fine may be enforced against all property or rights to property of the person fined, except...property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law....

[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.

See also 18 U.S.C. § 3664(m)(1)(A):

An order of restitution may be enforced by the United States in the manner provided for in [18 U.S.C. §§ 3571-3574 and 3611-3615] or...by all other available and reasonable means.

Due to the specific terms of these statutes as well as the Supremacy Clause - - "Laws of the United States...shall be the Supreme Law of the Land," U.S. Const., Art. VI - - it is the Internal Revenue Code exemptions (attached) that would apply.

These exemptions - - 26 U.S.C. § 6334(a) (1-8, 10, 12) - - would not protect defendant's interest from levy.  For example, this annuity is not one of the "Certain

2

annuity and pension payments" that would be protected from levy. 26 U.S.C. § 6334(a)(6).

The United States' motion should allow an opportunity for the defendant to be heard, if he has an opposition to this turnover.  Illinois law provides a procedure for this: (1) serve the debtor with this motion (we will); (2) give the debtor time (perhaps seven days) to notify the Clerk United States District Court, 600 East Monroe Street, Springfield, IL 62701, if the debtor wishes a hearing; and (3) have a hearing, if requested. 735 ILCS 5/2-1402(b).

Then, if there is no request for a hearing or if there is a request, a hearing, and a decision for turnover, this Court should order Boilermaker-Blacksmith National Annuity Trust to pay the cash surrender value of the debtor's interest in that Trust, minus any mandatory withholding of taxes required by the Internal Revenue Service, in the form of a certified check, a bank check or a company check, to the Clerk, United States District Court, Finance Department, 100 N.E. Monroe, Room 309, Peoria, IL 61602, with reference number of this case (07-30045-001) on the check, so that it will be applied toward the restitution balance in this case.

A proposed Order is attached to the Motion.

Respectfully submitted,
RODGER A. HEATON
United States Attorney

s/ James A. Lewis

By: _____

James A. Lewis, NC Bar No. 5470
Attorney for Plaintiff
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217-492-4450
Fax: 217-492-4888
email: jim.lewis2@usdoj.gov

4

## <u>CERTIFICATE OF SERVICE</u>

The following persons were served with a copy of the foregoing electronically or by mailing them a copy.

> Delano Law Office
> 1 SE Old State Capitol Plaza
> Springfield, IL 62701
>
> Hank McMasters
> Reg. No. 15387-026
> USP Leavenworth
> 1300 Metropolitan Avenue
> Leavenworth, KS  66048
>
> Lauren M. Fletcher
> Blake & Uhlig, P.A.
> 475 New Brotherhood Building
> 753 State Avenue
> Kansas City, KS 66101
>
> Boilermakers National Annuity Trust
> Attn: Pam Dumler, Administration
> 754 Minnesota Avenue
> Kansas City, KS 66101-2762

May 5, 2008
Date:_____

s/ James A. Lewis
_____
James A. Lewis

E-FILED
Monday, 05 May, 2008   10:24:09 AM
Clerk, U.S. District Court, ILCD

RICHARD L. CALCARA*
JOSEPH W. MORELAND
THOMAS H. MARSHALL
JAMES R. "DICK" WAERS
MICHAEL J. STAPP*
ROBERT J. HENRY***
CHARLES R. SCHWARTZ*
MARTIN W. WALTER
ANGELA M. ATKINSON
SCOTT L. BROWN
JANE L. WILLIAMS
LAUREN M. FLETCHER
REBECCA S. PROCTOR*
MICHAEL E. AMASH
NATHAN S. TERRY
ROBERT E. FITZGERALD, III†
CHRISTINE YOUNG-TERPENING

* ADMITTED IN KS
** ADMITTED IN KS, MO, NE and IA
*** ADMITTED IN KS, MO, NE, IA and D.C.
† ADMITTED IN KS, MO, and IL
ALL OTHERS ADMITTED IN KS and MO

LAW OFFICES
# BLAKE & UHLIG, P.A.
475 New Brotherhood Bldg.
753 State Avenue
Kansas City, Kansas 66101
913/321-8884
913/321-2396 Telefax

MISSOURI OFFICE
2500 Holmes
Kansas City, MO 64108
816/472-8883

NEBRASKA OFFICE
4151 South 9th Street
Omaha, NE 68127
402/991-6801

JOHN J. BLAKE (1928-2006)
ROBERT L. UHLIG (1929-1981)
RICHARD B. THOMPSON (1952-1981)
ROBERT L. DAMERON (1951-2001)

5977/5978.0000

January 23, 2008

<u>Via U.S. Mail and Facsimile (217) 492-4450</u>
Mr. James A. Lewis
United States Attorneys Office
318 S. 6th Street
Springfield, IL 62701

RECEIVED
JAN 2 5 2008
U.S. ATTORNEY
SPRINGFIELD, ILLINOIS

Re:    Boilermaker-Blacksmith National Pension Trust/Boilermakers National
       Annuity Trust
       Citation to Discover Assets Third Party
       *U.S. v. McMasters*, Case No. 07-30045-001

Dear Mr. Lewis:

As you know, this firm represents the Boilermaker-Blacksmith National Pension Trust ("Pension Trust") and the Boilermakers National Annuity Trust ("Annuity Trust"). I am writing in response to the above-referenced Citation to Discover Assets Third Party ("Citation") sent to the Pension and Annuity Trusts. Specifically, the Citation asks for the value of Mr. McMasters' accounts at the Pension and Annuity Trusts.

Regarding Mr. McMasters' Annuity Trust account, the value of Mr. McMaster's Annuity Trust account as of January 16, 2007 was $50,031.12 without his loan and $60,171.42 with his loan.

Regarding Mr. McMasters' Pension Trust account, using contributions through November, 2007, it appears Mr. McMasters is eligible for an age pension payable at age 65. The Pension Trust has made estimates of Mr. McMasters' Pension Trust account based on the



Mr. Lewis
January 23, 2008
Page Two

two options that will be available to Mr. McMasters' to elect upon his retirement at age 65, a 60-month option and a 120-month option. Under the 60 month option, Mr. McMasters' monthly amount will be $3,377.96. Under the 120 month option, Mr. McMasters' monthly pension amount will be $3,159.07. However, please be aware that these numbers are merely estimates based on the information the Pension Trust currently has available and may change depending on any changed circumstances. The above numbers are not the official Pension Trust calculations that must be approved by the Board of Trustees after filing an application for pension benefits.

Although the Pension and Annuity Trusts have provided information under this particular Citation, this response should not be construed as a waiver of any future objections the Trusts might have regarding whether a subpoena or citation is indeed issued by a court of competent jurisdiction over the Trusts, currently located in Kansas City, Kansas.

Please feel free to contact me with any questions or if you need any additional information.

Sincerely,

Lauren M. Fletcher

Lauren M. Fletcher

cc:      Pam Dumler

Westlaw.

26 U.S.C.A. § 6334                                                                 Page 1
I.R.C. § 6334

---

**Effective: July 22, 1998**

United States Code Annotated Currentness
  Title 26. Internal Revenue Code (Refs & Annos)
    Subtitle F. Procedure and Administration (Refs & Annos)
      Chapter 64. Collection
        Subchapter D. Seizure of Property for Collection of Taxes
          Part II. Levy
            → § 6334. Property exempt from levy

**(a) Enumeration.**--There shall be exempt from levy--

  **(1) Wearing apparel and school books.**--Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family;

  **(2) Fuel, provisions, furniture, and personal effects.**--So much of the fuel, provisions, furniture, and personal effects in the taxpayer's household, and of the arms for personal use, livestock, and poultry of the taxpayer, as does not exceed $6,250 in value;

  **(3) Books and tools of a trade**, business, **or profession.**--So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value;

  **(4) Unemployment benefits.**--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

  **(5) Undelivered mail.**--Mail, addressed to any person, which has not been delivered to the addressee.

  **(6) Certain annuity and pension payments.**--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

  **(7) Workmen's compensation.**--Any amount payable to an individual as workmen's compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

  **(8) Judgments for support of minor children.**--If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**(9) Minimum exemption for wages, salary, and other income.**--~~Any amount payable to or received by an individual as wages or salary for personal services, or as income derived from other sources, during any period, to the extent that the total of such amounts payable to or received by him during such period does~~ not exceed the applicable exempt amount determined under subsection (d).

**(10) Certain service-connected disability payments.**--Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of title 38, United States Code) disability benefit under--

    **(A)** subchapter II, III, IV, V, [FN1] or VI of chapter 11 of such title 38, or

    **(B)** chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

**(11) Certain public assistance payments.**--Any amount payable to an individual as a recipient of public assistance under--

    **(A)** title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the Social Security Act, or

    **(B)** State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.

**(12) Assistance under Job Training Partnership Act.**--Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

**(13) Residences exempt in small deficiency cases and principal residences and certain business assets exempt in absence of certain approval or jeopardy.**--

    **(A) Residences in small deficiency cases.**--If the amount of the levy does not exceed $5,000--

        **(i)** any real property used as a residence by the taxpayer; or

        **(ii)** any real property of the taxpayer (other than real property which is rented) used by any other individual as a residence.

    **(B)** Principal residences and certain business assets.--**Except to the extent provided in subsection (e)**--

        **(i)** the principal residence of the taxpayer (within the meaning of section 121); and

        **(ii)** tangible personal property or real property (other than real property which is rented) used in the trade or business of an individual taxpayer.

**(b) Appraisal.**--The officer seizing property of the type described in subsection (a) shall appraise and set aside to the owner the amount of such property declared to be exempt. If the taxpayer objects at the time of the seizure to the valuation fixed by the officer making the seizure, the Secretary shall summon three disinterested individuals who shall make the valuation.

**(c) No other property exempt.**--Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property spe-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.